[Crim. No. 2849.   Second Appellate District, Division One.—June 9, 1936.]

THE PEOPLE, Respondent, v. JOSEPH E. WALSH, Appellant.

S. S. Hahn, W. O. Graf and Phi O. Clough for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

DORAN, J.—Appellant was convicted of the crime of perjury, which offense was the outgrowth of the following events: Appellant, together with four other guests, one man and three women, attended a dinner party at the home of one George H. Ennis, who was the host.   They had almost fin-

ished their dinner when one Lora M. Hewitt appeared on the scene and fired four or five shots from a revolver at appellant, from a distance of ten or twelve feet, wounding him. At the trial of Lora M. Hewitt, appellant herein testified that said defendant Hewitt did not shoot him; that the woman who shot him was not Lora M. Hewitt. Ennis and the other guests, however, identified Mrs. Hewitt. At the trial of appellant it was stipulated that she was the one who fired the shots. It was this testimony of appellant, given at the trial of Lora M. Hewitt, that forms the basis of the present perjury charge.

At the trial of defendant and appellant, the same testimony by the same witnesses was introduced, and it was further established that appellant had lived with Lora M. Hewitt as man and wife for about ten months preceding the shooting.

Appellant urges as grounds of appeal that the evidence was insufficient to warrant a conviction and that there was an entire lack of corroborating proof. It is sufficient to state that the claims are without merit.

Finally, it is urged by appellant that judgment should be reversed on account of the refusal by the trial court to give certain instructions requested by appellant. In this connection, appellant has not complied with one of the rules adopted by the judicial council for the District Courts of Appeal, namely rule VIII, which requires the printing in the opening brief, in full, ''or the substance thereof clearly stated, with citation to the line and page of the transcript where such instructions may be found'', of instructions which were given as well as refused, bearing upon the subjects covered by the refused instructions.

The judgment and the order denying a new trial are affirmed.

Houser, P. J., and York, J., concurred.